UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN M. RENNICK, SR.,            Case No. 1:06-cv-820
    Plaintiff,

                                                           Barrett, J.
vs.                                                     Black, M.J.

THE PROVIDENT BANK, *n/k/a*
NATIONAL CITY BANK, *et al.,*
    Defendants.

**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTION TO DISMISS (Doc. 8) BE GRANTED AND THIS CASE BE CLOSED**

Plaintiff initiated this action on December 4, 2006 by filing a *pro se* complaint against Defendants Provident Bank, Tim Shannon, and Mike Flaherty, alleging, *inter alia*, fraud, false imprisonment, tortious interference with business relationships, and breach of fiduciary duty.

This civil action is now before the Court on Defendants' motion to dismiss (doc. 8) and the parties' responsive memoranda (docs. 10, 11).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff was a customer of Defendant Provident Bank, now known as National City Bank. Doc. 1 at ¶¶ 10, 20. Defendants Tim Shannon and Mike Flaherty were a security officer and a loan officer, respectively, at Provident Bank. *Id*. ¶¶ 11-12. Plaintiff's company, S&S Racing, LLC, also maintained an account at Provident Bank. *Id*. ¶ 15. Plaintiff's son, Steve Rennick, Jr., is the sole owner and shareholder of Earth

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Management Trucking, Inc. ("EMT"), which also held a "substantial" account at Provident Bank. *Id.* ¶¶ 20, 21, 23. Plaintiff insists repeatedly that he has no interest whatsoever in EMT. *Id.* ¶¶ 21, 24, 25, 32.

Sometime prior to July 23, 2002, Plaintiff arranged to purchase a new vehicle, a 2001 Freightliner Model FLD 120 truck (the "Vehicle"), from Cunningham Commercial Vehicles, Ltd. in Tolleson, Arizona. The purchase price was $88,973.00, and Plaintiff paid a $5,000.00 deposit by credit card. In order to pay the remaining balance, Plaintiff allegedly used a settlement from a social security claim in the amount of $40,113.00 and obtained a 90-day loan from Provident Bank in the amount of $40,500.00. The date of the loan was July 16, 2002. *Id.* ¶ 15.

Plaintiff titled the Vehicle jointly in himself and S&S Racing, LLC. EMT is not alleged to have any possessory or other interest in or connection to the Vehicle or the 90-day note. *Id.* ¶¶ 25, 32.

On October 16, 2002, Plaintiff was arrested by the State of Ohio on a warrant for charges relating to possession and distribution of marijuana. *Id.* ¶ 5. Ultimately, the State's charges against Plaintiff were dismissed in favor of an October 28, 2002 federal arrest warrant on federal drug charges. *Id.* On November 6, 2002, Plaintiff was indicted by a federal grand jury and charged with conspiracy to distribute marijuana in violation of 21 U.S.C. § 846. *Id.* On August 19, 2003, Plaintiff pled guilty to a violation of 28 U.S.C. § 846 (conspiracy to distribute illegal narcotics). *Id.* ¶ 6.

On January 28, 2004, Plaintiff was sentenced to 63 months of incarceration and

was remanded to the custody of the U.S. Bureau of Prisons. *Id.* On October 17, 2002, the day after Plaintiff's arrest, the State of Ohio seized the Vehicle pursuant to a forfeiture claim. *Id.* ¶ 26. The State alleged that the Vehicle was used by Plaintiff in hauling marijuana illegally, and that the Vehicle was purchased with illegally obtained funds. *Id.*

While Plaintiff was detained on his October 16, 2002 warrant, Defendant Provident Bank contacted Plaintiff's bookkeeper, Michelle Dick, to inform her that Plaintiff's 90-day note was due and unpaid. *Id.* ¶ 27. Ms. Dick allegedly informed Defendant Flaherty at that time that Plaintiff had been detained pending release on bond and that the Vehicle had been impounded by law enforcement in connection with Plaintiff's drug charges. *Id.* ¶ 28. The complaint does not allege that Plaintiff paid the note when it became due.

Sometime between October 16, 2002 and November 12, 2002, Defendants Provident Bank and Flaherty allegedly removed $40,500.00 plus interest from the account of S&S Racing, LLC, to setoff amounts due on the unpaid 90-day note. Doc. 1 at ¶ 31.

On November 12, 2002, Plaintiff obtained an installment loan from Provident Bank for $40,500.00 at 8.38% interest, with the Vehicle as collateral of the loan. *Id.* ¶¶ 33, 35. The Vehicle was later forfeited to the State of Ohio on the grounds that it was purchased by Plaintiff with drug money and used in his drug-dealing business. *Id.* ¶ 68.

Plaintiff alleges that sometime before February 17, 2004, Provident Bank, through

Defendant Shannon, provided false information regarding Plaintiff to "a corrupt Cincinnati Police Detective" for the purpose of having Plaintiff arrested. *Id*. ¶¶ 38, 48. The complaint contains no description of the substance of the false information, or who said it, o when it was said, or why the information was false. On February 17, 2004, the State of Ohio arrested Plaintiff on bank fraud charges -- charges which for unexplained reasons were later dismissed. *Id.*

On March 8, 2004, Defendant Provident Bank filed a complaint in the Hamilton County Court of Common Pleas against Plaintiff, S&S Racing, LLC, and EMT. The suit sought damages in the amount of $41,876.51 with respect to moneys due and payable to the Bank under the 48-month installment loan. Doc. 1 at ¶ 41. Plaintiff alleges that Defendant Provident Bank also withdrew $13,000.00 from EMT's account and tendered a check for the same amount payable to defendant Shannon. *Id.* ¶ 43. 1

On December 4, 2006, Plaintiff filed his complaint alleging the following causes of action:

In Count One, Plaintiff attempts to allege fraud against Defendants Flaherty and Provident Bank, and defamation and false imprisonment against all Defendants. *Id*. ¶¶ 48-53. Plaintiff also attempts to raise a breach of fiduciary duty claim against Defendant Provident Bank. *Id.* ¶ 52. Finally, Plaintiff attempts to allege a claim for Defendants' tortious interference with his son's and/or EMT's business relationships. *Id.* ¶ 51.

In Count Two, Plaintiff, again on behalf of his son and EMT, attempts to claim breach of fiduciary duty, conversion, and tortious interference against all Defendants. *Id.*

¶¶ 56-58.  In Count Three, Plaintiff attempts to claim fraud and breach of fiduciary duty against all Defendants.  *Id.* ¶¶ 63-65.

In Count Four, Plaintiff asserts various allegations with respect to Defendants' failure to appear at Plaintiff's forfeiture hearing.  *Id.* ¶¶ 66-68.

On January 16, 2007, Defendants filed a motion to dismiss for lack of jurisdiction and/or failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

On review of a motion to dismiss for lack of subject matter jurisdiction, the Court must take all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *See United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994); *Ohio Nat'l. Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990).  When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion."  *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

In reviewing a 12(b)(1) motion, the district court has wide discretion to allow affidavits, documents, and even conduct a limited evidentiary hearing if necessary.  *Ohio Nat'l Life Ins. Co.,* 922 F.2d at 325; *Rogers v. Stratton Indus.,* 798 F.2d 913, 916 (6th Cir. 1986); *see also Artis v. Greenspan,* 223 F. Supp. 2d 149, 152 (D.D.C.  2002) (citing *Land v. Dollar,* 330 U.S. 731, 735 n.4 (1947)).  So long as the Court considers matters outside

the pleadings only with respect to the issues raised pursuant to Rule 12(b)(1) and relating to lack of subject matter jurisdiction, a motion to dismiss is not converted to one for summary judgment. *Artis,* 223 F. Supp. 2d at 152 n.1.

## DISCUSSION

Plaintiff alleges subject matter jurisdiction under 42 U.S.C. §§1331(a), 1343, 1983, and 1985. Doc. 1 at ¶¶ 1, 2. Defendants, however, contend that the Court lacks subject matter jurisdiction over this matter. The undersigned agrees, and for the reasons that follow, recommends that Defendants' motion be found to be well-taken.

Sections 1983 and 1985 of Title 42 of the U.S. Code establish federal violations for deprivations "of any rights, privileges, or immunities secured by the Constitution and laws," 42 U.S.C. § 1983, and conspiring to deprive persons of "equal protection of the laws," *Id*. § 1985. Although jurisdiction for federal civil rights actions is conferred upon the district Courts by 28 U.S.C. § 1343(a)(3), Plaintiff's complaint does not allege that his civil rights were violated in this matter.

Here, Plaintiff's complaint pleads no violations of federal law. Although Plaintiff refers to sections 1983 and 1985 of Title 42 in his jurisdictional statement, the complaint does not attempt to plead a claim under those two sections. Plaintiff's claims, if cognizable, arise under Ohio law. Accordingly, federal question jurisdiction is inapplicable here.

Additionally, Plaintiff's complaint does not establish jurisdiction based on diversity. "Diversity of citizenship . . . exists only when no plaintiff and no defendant are

citizens of the same state." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (internal quotation marks omitted). All of the parties in this case are citizens of the same state, Ohio. Whether federal diversity jurisdiction exists is determined at the time the action is commenced. *Smith v. Sperling*, 354 U.S. 91, 93 (1957). For natural persons, citizenship for jurisdictional purposes is determined by the individual's domicile, defined as a person's true, fixed home and to which, when absent, the person intends to return. 13B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3612 (3d ed. 2004).

As Plaintiff's own complaint alleges, defendants Tim Shannon and Mike Flaherty are domiciled in Cincinnati, Ohio. Doc. 1 at ¶¶ 11-12. For corporations, citizenship is determined as being the corporation's state of incorporation and the state where the corporation maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant National City Bank, the successor to Provident Bank, is a federally-chartered national banking association whose principal place of business is in Cleveland, Ohio. *See* National City Corporation, Annual report (Form 10-K) (February 6, 2006).

Plaintiff is also a citizen of Ohio. Under Sixth Circuit law, there is a rebuttable presumption that a prisoner's domicile is the state the prisoner resided in before incarceration. *Stifel v. Hopkins*, 477 F.2d 1116, 1122-24 (6th Cir. 1973). Although Plaintiff is currently incarcerated at the Younity Federal Medical Center in Lexington, Kentucky, his former state of residence was Ohio. Doc. 1 at ¶ 9. Plaintiff has done nothing to rebut the presumption that his domicile is Ohio.

Thus, Plaintiff's complaint fails to establish federal question and/or diversity jurisdiction under 28 U.S.C. §§ 1331-32. Accordingly, the undersigned finds that Defendant's motion to dismiss for lack of jurisdiction is well-taken, and **RECOMMENDS** that Defendant's motion (Doc. 8) be granted and that this case be **CLOSED**.


Date: August 24, 2007                                          s/Timothy S. Black
                                                               Timothy S. Black
                                                               United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

STEVEN M. RENNICK, SR.,                    Case No. 1:06-cv-820
    Plaintiff,

                                                    Barrett, J.
vs.                                                 Black, M.J.

THE PROVIDENT BANK, *n/k/a*
NATIONAL CITY BANK, *et al.*,
    Defendants.

**NOTICE**

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after the date this Report and Recommendation is stamped "filed" by the Clerk of Court. This period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).