**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**STEVEN M. RENNICK, SR.,**

                    **Plaintiff**                    **Case No. 1:06cv820**

**vs.**                                     **Judge Michael R. Barrett**

**THE PROVIDENT BANK, et al.,**

                    **Defendants**

## ORDER

This matter is now before the Court on Plaintiff's opposition (Doc. 15) to United States Magistrate Judge Black's Report and Recommendation ("Report") (Doc. 14). Magistrate Judge Black recommended that Defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. 8) be granted and the case closed.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Steven M. Rennick, Sr., is a pro se litigant. (Doc. 1).  Plaintiff's claims are asserted against Provident Bank, now known as National City Bank, Tim Shannon, and Mike Flaherty. Shannon and Flaherty were employed with Provident Bank as a security officer and loan officer, respectively, at the time of the alleged harms to Plaintiff. (Doc. 1 ¶¶ 11-12).

Plaintiff filed his pro se complaint on December 4, 2006. (Doc. 1).  The complaint brings claims against Provident Bank, Shannon, and Flaherty.  Plaintiff alleges fraud, misrepresentation, theft, conversion, and conspiracy. (Doc. 1). Plaintiff currently is incarcerated at Federal Medical Center in Lexington, Kentucky. (Doc. 1 ¶ 9).

Plaintiff has personal and business accounts with Provident Bank. (Doc. 1 ¶ 19). His business accounts were for S&S Racing, LLC. Id. Plaintiff's son also had accounts with Provident Bank for his business, Earth Management Trucking, Inc. (Doc. 1 ¶ 20).  Plaintiff has no interest in Earth Management Trucking. (Doc.1 ¶ 24).

Prior to July 23, 2002, Plaintiff negotiated the purchase of a truck from Cunningham Commercial Vehicles in Tolleson, Arizona. (Doc. 1 ¶ 13).  Plaintiff executed a 90-day loan with Provident Bank on July 16, 2002 for $40,500.00 in order to help pay for the truck. (Doc. 1 ¶ 15).  The loan's proceeds were placed in the Provident Bank account for S&S Racing LLC. Id. Plaintiff also alleges he placed in S&S Racing's account proceeds from a Social Security claim in order to pay for the rest of the truck. (Doc. 1 ¶ 16).  The truck was titled jointly to Plaintiff and S&S Racing after it was purchased. (Doc. 1 ¶ 19).

On October 16, 2002, Plaintiff was arrested by the state of Ohio for charges related to possession and distribution of marijuana. (Doc. 1 ¶ 5).  The truck was seized under forfeiture soon after the drug related arrest. (Doc. 1 ¶ 26).  At the forfeiture proceeding on the truck, Provident Bank claimed an interest lien on the truck. (Doc. 1 ¶ 36).  The state charges regarding this arrest were ultimately dismissed and federal charges were pursued. Id. Plaintiff was indicted November 6, 2002 for conspiracy to distribute marijuana in violation of 21 U.S.C. §846. Id. Plaintiff entered a guilty plea on distribution charge and was sentenced subsequently to 63 months. (Doc. 1 ¶ 6).  That case is now on appeal. Id.

During this incarceration, Provident Bank, through Flaherty, notified an employee of S&S Racing that the 90-day loan was unpaid. (Doc. 1 ¶ 31).  In response to Plaintiff's failure to remedy the overdue loan situation, Provident Bank withdrew from S&S Racing's

2

account the loan principle plus interest. (Doc. 1 ¶ 31). Notice was given to Plaintiff of this action by Defendants. Id. Plaintiff went to Provident Bank on November 12, 2002 to convert the 90-day loan into an installment loan. (Doc. 1 ¶ 33). At this point, Flaherty advised Plaintiff that the money would be immediately redeposited in S&S Racing's account. Id. The installment loan was used to pay off the 90-day loan. (Doc. 1 ¶ 35).

On February 17, 2004, Plaintiff was arrested for bank fraud. (Doc. 1 ¶ 38). These charges were later dismissed. Defendant Provident Bank on March 8, 2004 filed a complaint against Plaintiff seeking judgment on the promissory note of the installment loan and also alleging conversion and fraudulent conveyance. (Doc. 1 ¶ 41). This action was filed in the Hamilton County Court of Common Pleas. Id. Subsequently, Provident Bank filed a stipulation of dismissal in that matter and then withdrew its forfeiture claim. (Doc. 1 ¶ 45).

Defendants filed a motion to dismiss Plaintiff's complaint on January 16, 2007. (Doc. 8-1). The Defendants sought dismissal of the complaint based on lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Id. Magistrate Judge Black reviewed the motion and filed his report and recommendation on August 24, 2007. (Doc. 14).

II.     ARGUMENTS OF THE PARTIES

Plaintiff alleges that the United States District Court for the Southern District of Ohio has jurisdiction over Plaintiff's claims under 42 U.S.C. §1331(a) and §1343. Alternatively, Plaintiff alleges that this Court has jurisdiction over his claims under 42 U.S.C. §1983 and §1985.

3

Plaintiff asserts a variety of claims against the Defendants. Plaintiff alleges that Defendants committed theft and tortious interference from an unauthorized withdraw of funds from the S&S Racing account to satisfy the unpaid loan. (Doc. 1 ¶33). Moreover, Plaintiff asserts that Defendants' false and fraudulent statements to law enforcement led to Plaintiff's false imprisonment for bank fraud. (Doc. 1 ¶¶ 48, 53, 63). Plaintiff claims that Defendants breached their fiduciary duties to him as a client of Provident Bank. (Doc. 1 ¶¶ 52, 56-58, 64). Plaintiff likewise attempts to assert claims for harm to family and his reputation. (Doc. 1 ¶ 50-51).

Defendants assert that this Court lacks subject matter jurisdiction over the actions asserted by Plaintiff. (Doc. 8-2 at 6). Defendants argue that this Court has neither diversity jurisdiction under 28 U.S.C. §1332 nor this federal question jurisdiction under §1331 over the allegations raised by Plaintiff. Furthermore, Defendants argue that no jurisdiction is establish under 42 U.S.C. §§1983 or 1985 because Plaintiff's complaint fails to plead causes of actions under those federal statutes.

Alternatively, Defendants assert that Plaintiff fails to meet the requirements of Federal Rule of Civil Procedure 12(b)(6). (Doc. 8-2 at 8). Defendants allege that Plaintiff's claims for defamation and false imprisonment are both barred by statute of limitations and also both fail as a matter of law. (Doc. 8-2 at 8, 11). Additionally, Defendants assert that the fraud claims of Plaintiff fail because Plaintiff failed to plead those allegations with particularity. (Doc. 8-2 at 12). Defendants challenge claims asserted by Plaintiff on behalf of his family and Earth Management Trucking due to his lack of standing with regard to those claims. (Doc. 8-2 at 13). Finally, Defendants state that Plaintiff's claims for breach

4

of fiduciary duty should be dismissed since Ohio law does not create a fiduciary relationship between a creditor and obligor. (Doc. 8-2 at 14).

For the reasons set forth below, the report and recommendation of Magistrate Judge Black is hereby adopted by this Court.  As a result, Plaintiff's claims are hereby dismissed for failure to establish subject matter jurisdiction in violation of Federal Rule of Civil Procedure 12(b)(1).  Furthermore, even if Plaintiff were able to establish the subject matter jurisdiction of this Court, Plaintiff's claims would be dismissed under Rule 12(b)(6). Several of Plaintiff's claims are time barred by their applicable statute of limitations under Ohio law. Plaintiff fails to allege the facts necessary to establish a claim for which relief can be granted under several of the counts in his complaint. Thus, this Court, recognizing Plaintiff's status as a *pro se* litigant, nonetheless dismisses all the claims in his complaint against Defendants for his failure to meet pleading requirements.

III.   ANALYSIS

As a threshold matter, this Court must recognize that Plaintiff is proceeding as a *pro se* litigant.  This Court thus is required to construe Plaintiff's pleadings more liberally and hold Plaintiff to a less stringent standard. *Ashigbu v. Purviance*, 74 F.Supp.2d 740, 746 (S.D. Ohio 1998).  However, this deference does not entitle a *pro se* litigant to bring every case to trial. *Id.* (referencing *Pilgrim v. Littlefield*, 92 F.3d 413 (6th Cir. 1996)). *Pro se* plaintiffs like all plaintiffs must meet the mandatory pleading requirements. Hence, this Court should recognize Plaintiff's *pro se* status but still hold Plaintiff accountable to meeting the mandatory requirements in order to proceed with his action.

In order for Plaintiff to bring this action in this Court, this Court must have subject matter jurisdiction over the claims. The first part of this analysis discusses the requirements of subject matter jurisdiction in federal district court and whether Plaintiff has met these requirements with his complaint. Then, the analysis considers even if subject matter jurisdiction has been met, whether Plaintiff stated claims for which relief can be granted by this Court.

A.  Subject Matter Jurisdiction.

Courts have recognized that subject matter jurisdiction is a threshold matter in a case that determines whether a plaintiff can proceed with their claims in a specific court. *American Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) (referring to *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101(1998)).  Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  In reviewing motions based on lack of subject matter jurisdiction, the court must take all material allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *United States v. Ritchie*, 15 f.3d 592, 598 (6th Cir. 1994).

The Sixth Circuit has distinguished between factual and facial attacks among motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 592 (S.D. Ohio 2002). A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. *Ohio National Life Insurance Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A factual attack is "not a challenge to the sufficiency of the

6

pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A factual attack requires the court to "weigh the conflicting evidence to arrive at the factual predicate that subject mater jurisdiction exists or does not exist." *Ohio National Life Insurance Co.,* 922 F.3d at 325.  However, where a defendant challenges subject matter jurisdiction it is the burden of the plaintiff to prove subject matter jurisdiction exists to survive the defendant's motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). The Court may allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id.*

This Court, like all federal courts, is a court of limited jurisdiction. *American Telecom Co., L.L.C.*, 501 F.3d at 538 -539 (citing *Ins. Corp. of Ir., Ltd. v. Co. des Bauxites de Guinee*, 456 U.S. 694, 701-702 (1982).  Federal court jurisdictional authority is found in Art. III, §2, cl. 1 of the United States Constitution. *Id.* One basis of this limited jurisdiction is federal question jurisdiction. Federal question jurisdiction grants federal district courts original jurisdiction over all civil actions which arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331.

Defendants' motion to dismiss for lack of subject matter jurisdiction is a factual attack that challenges the factual existence of subject matter jurisdiction by this Court of Plaintiff's claims. Plaintiff's complaint appears to allege that this Court has federal question jurisdiction. (Doc. 1 ¶ 1).  However, the complaint fails to allege any violation of federal law. Plaintiff also attempts to assert jurisdiction under section 1343 of Title 42 of the United States Code by alleging in the jurisdiction section of his complaint that his federal civil

7

rights were violated by Defendants. (Doc. 1 ¶¶ 1-2).  Plaintiff's complaint, in its entirety, does not allege facts to establish the existence of such claims. Therefore, Plaintiff has failed to establish federal question jurisdiction since he has not alleged any violation of the United States Constitution, federal law, or a treaty by the Defendants.

Additionally, federal district courts have original jurisdiction in diversity of citizenship cases where the civil action is between citizens of different states and the amount in controversy in the civil action is greater than $75,000. 28 U.S.C. §1332.  A natural person's citizenship under diversity jurisdiction is determined by the state in which the person is domiciled. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990).  Corporations that are parties to an action are deemed to be citizens of the state in which the corporation is incorporation or the state where the corporation has its principal place of business. *Id.* at §1332(c)(1).  Courts apply a rebuttable presumption that a prisoner for jurisdictional determinations maintains the citizenship of the state in which he was domiciled prior to his incarceration. *Stifel v. Hopkins*, 477 F.2d 1116, 1124 (6th Cir.1973).

In the case presently before this Court, no diversity of citizenship exists.  Prior to his incarceration, Plaintiff was a resident of Cincinnati, Ohio. (Doc. 1 ¶ 9).  Thus, applying the rebuttable presumption, Plaintiff is still considered a citizen of Ohio for jurisdiction purposes although he is currently incarcerated in facilities in Lexington, Kentucky.

Similarly, the Defendants are all citizens of Ohio.  Plaintiff concedes this point in his complaint. (Doc. 1 ¶¶ 10-12).  Both Shannon and Flaherty both are citizens of Ohio. Provident Bank, now known as National City Bank, has its principal place of business in Cleveland, Ohio.  This makes Provident Bank for jurisdictional purposes a citizen of Ohio. Hence, Plaintiff and the Defendants all are citizens of Ohio and no diversity of citizenship

8

exists.  This Court does not have jurisdiction under §1332 of Plaintiff's claims.

As a result, Plaintiff's complaint must be dismissed for failure to establish subject matter jurisdiction.  This Court recognizes the difficulties a *pro se* litigant faces in attempting to meet the pleading requirements for a complaint.  Yet, establishing jurisdiction is not discretionary.  Even lenient pleading requirements for *pro se* litigants do not go so far as to eliminate jurisdiction.  Jurisdiction is the threshold issue every plaintiff must meet to be heard.

B.  Failure to State a Claim

Assuming that Plaintiff met jurisdiction requirements, which he did not, Plaintiff must still plead allegations and facts sufficient enough to establish claims for which this Court can grant relief.  Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct 1955, 1964-65 (2007) (citations omitted); *Association of Cleveland Fire Figthers v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  Even though a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1964-65 (citations omitted). A court in making a determination on a motion to dismiss pursuant to Rule 12(b)(6) must accept all of the plaintiff's allegations as true and construe the compliant liberally in the plaintiff's favor. *Kottmyer v.*

*Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

Plaintiff's complaint lists a variety of claims against the Defendants in sections entitled Count One through Count Four. (Doc. 1 at 11-14).  Being a *pro se* litigant, Plaintiff did his best to set forth his claims.  He even concedes the complaint is "extremely inartfully construed." (Doc. 15 at 2).  The following discussion dissects each of Plaintiff's four counts and attempts to discuss the claims Plaintiff attempted to plead.  As previously discussed, Plaintiff does not assert any violations of federal law in his complaint.  Since the alleged events occurred in Ohio and all the parties to this action are citizens of Ohio, Ohio law will govern Plaintiff's complaint.  Unfortunately, each of the following claims, after applying Ohio law, does not meet the requirements of Rule 12(b)(6).

    1. Count One

        a.  Fraud Claims

Plaintiff alleges that Defendants made false and fraudulent statements to law enforcement that led to his arrest for bank fraud. (Doc. 1 ¶ 48).  Plaintiff stipulates that Defendants' bank fraud case, which was later dismissed, was based on the installment loan that Plaintiff entered into with Provident Bank in November 2002.  Plaintiff alleges that Defendants claimed in that case that the installment loan was made without Plaintiff giving the bank notice that the collateral for the loan, Plaintiff's truck, was seized and subject to forfeiture. (Doc. 15 at 4).  Plaintiff, however, argues that Defendants made the installment loan with full knowledge that the truck was impounded and subject to forfeiture. (Doc. 10 at 9).  Therefore, Plaintiff believes the Defendants' statements to law enforcement concerning Plaintiff's alleged bank fraud were unfounded and amounted to fraud.

10

Under Ohio law, the elements of fraud are (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely with knowledge of its falsity, or with other such disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 169, 462 N.E.2d 407 (1984); *see also Gaines v. preterm-Cleveland, Inc.*, 54 N.E.2d 709, 712 (Ohio 1987).  Federal Rule of Civil Procedure 9(b) requires a party pleading fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  Ohio courts have held that the particularity requirement may be met by plaintiff (1) specifying the statements claimed to be false; (2) stating the time and place where the statements were made; and (3) identifying the defendant(s) claimed to have made the statements. *Korodi v. Minot*, 531 N.E.2d 318, 319 (Ohio App. 1987).  The purpose of particularity requirements is to ensure defendants are put on notice of the precise statements alleged by the plaintiff to be false or fraudulent. *Id.*  A plaintiff's failure to meet the particularity requirements under Rule 9(b) "results in a defective claim which cannot withstand a motion to dismiss Rule 12(b)(6)." *Universal Coach, Inc. v. New York City Transit Auth., Inc.*, 90 Ohio App.3d 284, 292, 629 N.E.2d 28 (1993).

Plaintiff's complaint attempts, in several instances, to plead an action for fraud or false statements made by the Defendants. Although Plaintiff gives an in-depth factual background to his claims, Plaintiff fails to meet the particularity requirements of Rule 9(b). Plaintiff's discussion of false and fraudulent statements is more generalized than the

11

heightened pleading requirements allow for a claim of fraud.  Furthermore, even if Plaintiff's allegations are taken as true and in the light most favorable to him, the facts alleged do not appear to establish elements (c) or (d) for fraud under Ohio law.  Plaintiff appears to rest the falsity of these statements to law enforcement officers on the fact that the criminal bank fraud action as well as the action for conversion and fraudulent conveyance were ultimately dismissed against Plaintiff.  The dismissal of these claims against Plaintiff does not lead to an inference that the allegations underlying the claims were necessarily false or fraudulent.  Therefore, Plaintiff's fraud claims are defective and must be dismissed under Rule 12(b)(6) for failure to state a claim for which relief can be granted.

   b.  Defamation

Plaintiff alleges that Defendants' conduct caused harm to his reputation. (Doc. 1 ¶ 50).  Defendants' have characterized this allegation as a claim of defamation. (Doc. 8-2 at 8).  Such a characterization appears to fit the description Plaintiff was attempting to allege.  Thus, this Court will review the complaint in its entirety to determine if Plaintiff asserted a claim for defamation for which this Court can grant relief.

Under Ohio law, "an action for libel, slander, malicious prosecution, or false imprisonment… shall be commenced within one year after the cause of action accrued."  O.R.C. §2305.11(A).  Therefore, the statute of limitations for defamation whether based on slander or libel is one year.  The cause of action accrues on the date that the defamatory statements were published for libel or spoken for slander. *Courie v. Alcoa Wheel & Forged Products*, NO. 1:06cv2117, 2007 WL 2907384, *11 (N.D.Ohio August 28, 2007) *(citing Lewis v. Del. County JVSD*, 161 Ohio App.3d 71, 76, 829 N.E.2d 697 (Ohio

12

Ct.App.2005); *Miller v. Ohio Rehabilitation Servs. Comm'n*, 86 Ohio Misc.2d 97, 100, 685 N.E.2d 616 (Ohio Misc.1997)).

Plaintiff's claim of defamation stems from events concerning criminal bank fraud charges that were brought against Plaintiff in February 2004.  Further, Plaintiff's harm to reputation claim also may stem from the suit Defendants' brought against Plaintiff in March 2004 for conversion and fraudulent conveyance. Hence, Plaintiff's defamation claims accrued in early 2004. Plaintiff did not file his complaint until December 4, 2006. At that point, the defamation statute of limitations had already run.  Plaintiff's defamation claim therefore is time barred and must be dismissed.

Assuming Plaintiff met the statute of limitations requirement, which he has not, the defamation charges would still warrant dismissal.  Under Ohio law, Plaintiff must establish the following elements to prevail on a defamation claim: (1) a false statement, (2) about the plaintiff, (3) was published without privilege to a third party, (4) with fault of at least negligence on the part of the defendant, and (5) the statement was either defamatory per se or caused special harm to the plaintiff. *Gosden v. Louis*, 116 Ohio App.3d 195, 206, 687 N.E.2d 481 (1996); *Celebrezze v. Dayton Newspapers, Inc.*, 41 Ohio App.3d 343, 535 N.E.2d 755 (1988).  An absolute privilege exists against defamation claims for statements made in judicial proceedings under Ohio law. *Hecht v. Levin,* 66 Ohio St.3d 458, 460 (1993).  Furthermore, qualified privileges also often exist as a defense to defamation claims. *See generally Hahn v. Kotten,* 43 Ohio St.2d 237, 244 (1975).  This qualified privilege may apply to the reporting of a crime. *Guerro v. C.H.P. Inc.*, No. 78484, 2001 Ohio App. LEXIS 3603, at *15 (Ohio Ct. App. Aug. 16, 2001).  Qualified privileges can only

13

be overcome by a plaintiff by showing, with clear and convincing evidence, actual malice by the defendant. *Jacobs v. Frank*, 60 Ohio St. 3d 111, paragraph two of the syllabus (1991).

Plaintiff's claim of defamation in the complaint does not specifically address what were the false statements made nor the harm that these alleged statements caused. The general discussion of statements made to law enforcement officers are likely protected against defamation actions by an absolute or qualified privilege. Any statements concerning the legal proceedings that Plaintiff was involved in for criminal bank fraud or the civil actions of conversion and fraudulent conveyance are absolutely privileged. It is also likely that the allegedly slanderous statements made to law enforcement by Defendants are protected by a qualified privilege. Plaintiff has not alleged in his complaint actual malice that would overcome this privilege. Thus, the defamation claims must be dismissed under Rule 12(b)(6) for not establishing a claim for which this Court could grant relief.

      c.      Harm to Plaintiff's Family and Tortious Interference with Plaintiff's Son's Business.

Furthermore, Plaintiff asserts claims on behalf of his family. Specifically, Plaintiff alleges that Defendants' conduct harmed his family and tortuously interfered with his son's business, Earth Trucking Management. (Doc. 1 ¶ 51).

In order for a plaintiff to assert a claim, the plaintiff must have standing. Under Article III of the United States constitution a complaining party, the plaintiff, must be injured in fact to assert a claim. *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, *1137 (6th Cir.1986) (citing *Allstate Insurance Co. v. Wayne County,* 760 F.2d 689, 692-93 (6th Cir.1985)). Moreover, a plaintiff may only "assert his own legal rights and interests, and

cannot rest his claim to relief on the legal rights or interests of third parties." *Id.*  This means that the standing doctrine generally prohibits a litigant raising another person's legal rights or asserting generalized grievances. *Save the Lake v. Hillsboro*, 815 N.E.2d 706, *708 (Ohio App. 4 Dist. 2004) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)).

Plaintiff's claims on behalf of his family, his son, and Earth Management Trucking do not meet the standing requirement. These claims do not assert the legal rights or interests of Plaintiff.  Plaintiff is prohibited under the standing doctrine of asserting another person's legal rights.  Thus, these claims must be dismissed under Rule 12(b)(6) since this Court may not grant relief on claims Plaintiff has no standing to bring. Plaintiff in his response to Defendants' motion to dismiss concedes this lack of standing. (Doc. 10 at 3). Plaintiff requested that the references to his family and Earth Management Trucking be withdrawn from his complaint. *Id.*

d.  Fiduciary Duty Claims

Plaintiff also asserts that Defendants violated his rights as a bank client. (Doc. 1 ¶ 52).  This allegation, along with similar claims that follow in the subsequent counts, can be characterized as a claim of breach of fiduciary duty by the Defendants.

As defined under Ohio law, a fiduciary relationship is a relationship where "special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." *In re Termination of Emp. of Pratt*, 40 Ohio St.2d 107, 115 (1974).  However, Ohio courts have generally held that a debtor-creditor relationship does not establish a fiduciary relationship. *Umbaugh Pole Bldg. Co., Inc. v. Scott*, 58 Ohio St.2d 282 (1979).  Specifically, Ohio law

holds that "a bank dealing at arm's length with a prospective borrower does not have a fiduciary duty to that prospective borrower unless special circumstances exist." *Groob v. KeyBank,* 108 Ohio St.3d 348, at paragraph one of the syllabus (2006). Those special circumstances are where the parties agree, in writing, that a fiduciary relationship exists. O.R.C. §1109.15(D)("Unless otherwise expressly agreed in writing, the relationship between a bank and its obligor, with respect to any extension of credit, is that of a creditor and debtor, and creates no fiduciary duty or other relationship between the parties.")

Therefore, under Ohio law, Plaintiff can not assert an action for breach of fiduciary duty against a bank unless a written document created that relationship between the parties. Plaintiff has not established that such a document does exist between himself and Provident Bank. Without such a document, Provident Bank owed no fiduciary duty to Plaintiff. The parties merely had the relationship of creditor and obligor. Plaintiff's claims for breach of fiduciary duty against Defendants would be dismissed under Rule 12(b)(6) by this Court. Plaintiff, in his response to the Defendants' motion to dismiss, withdrew these claims. (Doc. 10 at 10).

e.  False Imprisonment

Additionally, Plaintiff brings an action for false imprisonment against the Defendants. (Doc. 1 ¶ 53). As noted previously, the statute of limitations for false imprisonment claims is one year. O.R.C. §2305.11(A). The cause of action for false imprisonment accrued when the imprisonment occurred. Plaintiff alleges the false imprisonment was related to the criminal bank fraud charges brought against him in February 2004. Therefore, the statute of limitations for this claim began to run at that time. Plaintiff's complaint was filed

16

well after the one year period had run for this claim.  Hence, this claim would be dismissed as time barred under Ohio law.

If the false imprisonment claim was within the statute of limitations, then the claim would still be dismissed under Rule 12(b)(6).  To establish an action for false imprisonment under Ohio law a plaintiff must show that he was confined intentionally "without lawful privilege and against his consent within a limited area for any appreciable time, however short." *Bennett v. Ohio Dept. of Rehab. & Corr.*, 60 Ohio St.3d 107, 109 (1991) (citing *Feliciano v. Kreiger*, 50 Ohio St.2d 69, 71, 362 N.E.2d 646, 647 (1977)).

The allegations of false imprisonment stem from Plaintiff's arrest by the state of Ohio for criminal bank fraud.  Defendants did not imprison the Plaintiff.  Plaintiff can not assert a false imprisonment claim against a party who did not intentionally confine him. The false imprisonment claim can only be asserted against the actual person who confined Plaintiff.  Therefore, the false imprisonment claims would be dismissed under Rule 12(b)(6) for failure to state a claim for which this Court can grant relief.

2. Count Two

Plaintiff has, subsequent to the filing of his complaint, told the Court in his response to the Defendants' motion to dismiss that he withdraws Count Two of his complaint. (Doc. 10 at 10).  Count Two alleged claims for breach of fiduciary duties against Defendants. (Doc. 1 ¶ 56).  Additionally, Plaintiff alleged that Defendants' conduct amounted to theft which harmed Earth Management Trucking. (Doc. 1 ¶ 58).  If Plaintiff had not withdrawn these claims, this Court would have dismissed both these claims under Rule 12(b)(6) for the reasons summarized previously discussed under Count One.

3. Count Three

Plaintiff alleges in Count Three that Defendants created fraudulent bank charges against Plaintiff to manipulate him into paying the 90-day loan. (Doc. 1 ¶ 63). This claim for fraud, similar to the other allegations of fraud plead by Plaintiff against Defendants, fails to meet the heightened pleading requirements of Rule 9(b). Plaintiff fails to lay out the particular facts of these allegedly false statements such as what the false bank charges were, when they were made, and who made the statements. Hence, these claims would be dismissed by this Court under Rule 12(b)(6).

Furthermore, Plaintiff brings a claim of breach of fiduciary duty against Defendants under Count Three. (Doc. 1 ¶ 64). This claim of breach of fiduciary duty would be dismissed as stated previously because under Ohio law banks owe no fiduciary duties to the customers to whom they grant credit. Plaintiff himself has conceded this argument and withdrawn the fiduciary duty claims. (Doc. 10 at 10).

4. Count Four

Plaintiff's claims under Count Four are related to Defendants' alleged failure to appear during a forfeiture proceeding against Plaintiff. Plaintiff alleges that this omission by the Defendants caused the forfeiture of Plaintiff's truck. (Doc. 1 ¶ 68).[1] The facts and allegations alleged in this Count, however, do not lead to a recognizable claim. As such, this claim would be dismissed under Rule 12(b)(6) for failure to state a claim for which relief can be granted.

---

[1] Magistrate Judge Black does not refer to this Count in his Report.

18

5. Other

Plaintiff alleges in his statement of facts section that Defendants fraudulently withdrew a sum of money from S&S Racing's account with Provident Bank to satisfy his past due 90-day loan. (Doc. 1 ¶¶ 31, 33). Plaintiff does not particularly readdress this allegation in Counts One through Four of his complaint. Plaintiff labels this conduct by Defendant as fraud and tortious interference of S&S Racing's property. (Doc. 1 ¶ 33).

Under either characterization of this claim, Plaintiff's action is time barred. Ohio Revised Code section 2305.09 sets forth a four year statute of limitations for fraud and for other injuries to the rights of plaintiff. O.R.C. §2305.09(B),(D). A claim for tortious interference has been characterized as fitting within the other injuries to the rights of plaintiff section of this statute.

The conduct at issue under this claim occurred between October 16 and November 12, 2002. The four year statute of limitations for this claim, whether characterized as fraud or tortious interference, thus, would have run by November 12, 2006. Plaintiff did not file his complaint until December 4, 2006 (Doc. 1). Therefore, this claim is time barred and would be dismissed by this Court under Rule 12(b)(6).

IV.    CONCLUSION

For the reasons set forth above, the report and recommendation of Magistrate Judge Black (Doc. 14) is hereby ADOPTED. Defendants' motion to dismiss (Doc. 8) is hereby GRANTED. The Clerk of Court is directed to close this matter and terminated it from the docket of this Court.

**IT IS SO ORDERED.**

       *s/Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court